**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| SAMUEL RODRIGUEZ REYNA, | § | |
| | § | |
|     Petitioner, | § | |
| | § | |
| vs. | § | C.A. NO. C-07-138 |
| | § | |
| THOMAS GREENWELL, et al., | § | |
| | § | |
|     Defendant. | § | |
| | § | |

<u>ORDER</u>

On this day came on to be considered Plaintiff Samuel Reyna's "Motion to Expunge Records" (D.E. 6).  For the reasons discussed below, the Court DENIES Plaintiff's motion.[1]

**I.  JURISDICTION**

The Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331.

**II. BACKGROUND**

On July 25, 2006, Corpus Christi Police Officers responded to the scene of an alleged-homicide near the 1600 Block of Leopard in Corpus Christi, Texas.  (See Pl.'s Compl., Exhibit ("PE") 39-A.) Upon arriving at the scene, the police officers found an individual, later identified as Paul Licoscos, stabbed to death.

---

[1] On March 29, 2007, Magistrate Judge Brian Owsley signed a "Memorandum and Recommendation," (D.E. 12) recommending that this Court deny Plaintiff's Motion to Expunge.  This Court, however, DECLINES TO ADOPT the Magistrate's Memorandum and Recommendation and substitutes this Order in its place.

(PE 39-A to 41-A, 45-A to 46-A.)  Later that same day, officers arrested Plaintiff Samuel Reyna ("Plaintiff") in connection with the crime.  (PE 62-A, 77-A to 78-A.)  A grand jury ultimately indicted Plaintiff for murder in the first degree in violation of Texas Penal Code § 19.02.  (PE 79-A to 82-A.)  As of the date of this Order, Plaintiff's criminal case (Criminal Action No. 06-CR-2605-G) remains pending in the 319th Judicial District Court of Nueces County, Texas.

## III. DISCUSSION

In his Motion to Expunge, Plaintiff requests that the Court order the expungement of "any and all criminal records arising out of [Plaintiff's] arrest on [the] 25th day of July, 2006, and under Cause No. 06-CR-2605-G(S1)."  (Motion to Expunge at 2.)  Because Plaintiff asks this Court to order relief that would likely interfere with his ongoing state criminal case, this Court must consider whether or not abstention is appropriate under the doctrine announced in Younger v. Harris, 401 U.S. 37 (1971).  "The Younger doctrine, which counsels federal-court abstention when there is a pending state proceeding, reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff."  Moore v. Sims, 442 U.S. 415, 423 (1979); Samuels v. Mackell, 401 U.S. 66 (1971)).  "Abstention under Younger . . . is generally deemed appropriate when assumption of jurisdiction by a

federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character." Louisiana Debating and Literary Ass'n v. City of New Orleans, 42 F.3d 1483, 1489 (5th Cir. 1995) (quotation omitted).  In order to determine whether Younger abstention is appropriate, a court "must answer three relevant questions: (1) whether the state proceedings constitute an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise constitutional challenges."  Id. at 1490 (citing County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)); see also Texas Ass'n Bus. v. Earle, 388 F.3d 515, 519 (5th Cir. 2004).

The Court concludes that Younger abstention is appropriate in this case because all three elements of the abstention test are met.  First, the exhibits attached to the Plaintiff's Complaint demonstrate that he is presently under indictment for first degree murder, (PE 79-A to 82-A), and Plaintiff has not provided any evidence that the criminal proceedings against him have concluded. See Beeman v. Stafford, No. 94-3634, 1995 WL 456367 at *3 (6th Cir. Aug. 1, 1995) (unpublished) (finding the first element of the Younger abstention test met where the Plaintiff was "currently under indictment for the various crimes mentioned previously, and there is no evidence that [the state] has closed the matter").

Second, Plaintiff's pending criminal proceedings implicate important, even compelling, state interests.  DeSpain v. Johnston,

-3-

731 F.2d 1171, 1176 (5th Cir. 1984) (the "state has a strong interest in enforcing its criminal laws"); <u>Earle</u>, 388 F.3d at 520 (stating that "[i]t is the criminal law arena where the federal courts' deference to state courts has been most pronounced"); <u>see also</u> <u>Harper v. Public Service Com'n of WVA</u>, 396 F.3d 348, 351 (4th Cir. 2005) ("Criminal proceedings are, perhaps, the most obvious example of the states' sovereign authority to perform their separate functions in their separate ways").

Third and finally, there is no indication or suggestion that "state law clearly bars the interposition of the [Plaintiff's] constitutional claims" in the state court criminal proceedings. <u>See</u> <u>Moore</u>, 442 U.S. at 425-26 ("abstention is appropriate unless state law clearly bars the interposition of the constitutional claims"). On the contrary, Texas law affords Plaintiff a right to seek "expunction" of arrest records in state court, <u>see</u> Tex. Code of Crim. P. art. 55.01, and also allows Plaintiff the opportunity to raise federal constitutional arguments and objections in state court. <u>Earle</u>, 388 F.3d at 521 (noting that constitutional issues and objections "can be litigated at any [Texas] criminal trial"); <u>see also</u> <u>Cannon v. Cooper</u>, No. 06-02-00013-CV, 2002 WL 1729562 at *1 (Tex. App.--Texarkana July 25, 2002) (unpublished) (noting that Texas "State courts regularly address federal constitutional issues" and holding that a state trial court erred in refusing to hear a federal constitutional claim).

Because all three elements of <u>Younger</u> abstention are met, this

-4-

Court must abstain unless one of the "narrowly delimited exceptions to the [Younger] abstention doctrine" apply.  Earle, 388 F.3d at 519.  As the Fifth Circuit explained:

> Specifically, courts may disregard the Younger doctrine when: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) application of the doctrine was waived.

Id. at 519 (citing Younger, 401 U.S. at 49; Trainor v. Hernandez, 431 U.S. 434, 446 (1977); DeSpain v. Johnston, 731 F.2d 1171, 1180 (5th Cir. 1984)).  There is no indication that any of these narrow exceptions apply in the present action.  Accordingly, Younger abstention is appropriate and the Court cannot order the expungement of Plaintiff's arrest records at this time.

## IV.  CONCLUSION

In accordance with the abstention doctrine established in Younger and its progeny, Plaintiff's "Motion to Expunge Records" (D.E. 6) is hereby DENIED without prejudice.

SIGNED and ENTERED this the 4th day of April, 2007.

_____
                    Janis Graham Jack
                United States District Judge