IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SAMUEL RODRIGUEZ REYNA<br>　　#10030131 | §<br>§ | |
| v. | § | C.A. NO. C-07-138 |
| | § | |
| THOMAS GREENWELL, ET AL. | § | |

### ORDER DENYING PLAINTIFF'S MOTION FOR TRANSCRIPTS

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion for transcripts at the government's expense. (D.E. 28). Specifically, he requests the transcript from an April 4, 2007 evidentiary Spears hearing.[1]

Federal law dictates that "[f]ees for transcripts furnished in ... proceedings to persons permitted to appeal in forma pauperis shall ... be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). The Fifth Circuit has explained that "[i]n order to succeed on a motion for production of transcripts at government expense, a party must also show why the transcripts are necessary for proper disposition of his appeal." Norton v. Dimanzana, 122 F.3d 286, 293 (5th Cir. 1997) (citing Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985)).

Plaintiff was present for the April 4, 2007 telephonic hearing. Plaintiff has failed to specify how any of the transcripts are necessary to effectively argue his appeal. He has not addressed why he is unable to argue his appeal based on his personal knowledge of the hearings as well as on the motions and orders addressing those motions. Indeed, he even filed a copy of the written statement that he read into the record at the April 4, 2007 telephonic hearing. (D.E. 16).

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

Accordingly, plaintiff's motion for transcripts at the government's expense, (D.E. 28), is DENIED.

ORDERED this 4th day of June 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE